IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| FENIX FLASHLIGHTS, LLC, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 1:12CV1310 |
| JIAN LI, et al., | ) ) ) | |
| Defendants. | ) ) | |
| FENIX FLASHLIGHTS, LLC, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 1:15CV140 |
| TACBEAM, LLC, | ) ) ) | |
| Defendant. | ) ) | |

MEMORANDUM OPINION AND ORDER OF
UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on Defendant Tacbeam LLC's ("Defendant" or "Tacbeam") Motion to Consolidate Cases in Fenix Flashlights, LLC v. Tacbeam, LLC, 1:15CV140 ("Fenix II") [Doc. #4]. For the reasons that follow, Defendant's Motion will be granted, and Fenix II will be consolidated with Fenix Flashlights, LLC v. Li, et al., 1:12CV1310 ("Fenix I"), for all further proceedings.

I.  FACTS, CLAIMS, AND PROCEDURAL HISTORY

Fenix II arises out of an alleged breach of contract. According to the Complaint, in December 2011 and January of 2012, a "Sales Business" operated by Jian Li ("Li"), Borencio

Darden ("Darden"), or a partnership between them, placed three orders with Olight Technology Co., Ltd. ("Olight"), "a manufacturer of specialty flashlights and accessories, with its principal place of business in Shenzhen, China," for products valued at a total of $199,472.28. (Fenix II, Compl. [Doc. #1-1] ¶¶ 5, 28.) The Complaint alleges that the Sales Business agreed to pay a $40,000 down payment, but requested that Olight ship the products before payment in full. (Id. ¶¶ 28-32.) The Complaint further alleges that Olight shipped the products as requested, but the Sales Business never paid any amount beyond the $40,000 down payment, which, together with a customs fee of $143.00 and a credit of $831.83 from prior dealings, left an unpaid balance of $158,783.45. (Id. ¶¶ 28-42.) Plaintiff, a Georgia limited liability company, is an assignee of Olight's "complete rights pertaining to the products that are the subject of [the] Complaint, including all rights to sums due as described in [the] Complaint." (Id. ¶¶ 1, 21.) Tacbeam's role in the foregoing events is less clear, as discussed further below.

Plaintiff filed the Complaint in Fenix II in state court on November 24, 2014, alleging claims for (1) "Breach of Contract" (id. ¶¶ 43-50); (2) "Breach of the Obligation of Good Faith and the Covenant of Good [F]aith and Fair Dealing" (id. ¶¶ 51-55); (3) "Unjust Enrichment" (id. ¶¶ 56-63); and (4) "Piercing the Corporate Veil" (id. ¶¶ 64-76). Tacbeam subsequently petitioned this Court for removal [Doc. #1], moved to dismiss [Doc. #2], and moved to consolidate Fenix II with Fenix I [Doc. #4]. Plaintiff has filed a motion to remand [Doc. #13].

2

II. DISCUSSION

Under Rule 42(a) of the Federal Rules of Civil Procedure, the court may consolidate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). When determining whether consolidation is appropriate,

> the court should weigh the risk of prejudice and possible confusion versus the possibility of inconsistent adjudication of common factual and legal issues, the burden on the parties, witnesses, and judicial resources by multiple lawsuits, the length of time required to try multiple suits versus a single suit, and the relative expense required for multiple suits versus a single suit.

In re Cree, Inc., Secs. Litig., 219 F.R.D. 369, 371 (M.D.N.C. 2003) (citing Arnold v. E. Air Lines, 681 F.2d 186, 193 (4th Cir. 1982)). A district court has "broad discretion" regarding whether or not to consolidate cases. See Superior Performers, Inc. v. Family First Life, LLC, No. 1:14CV382, 2014 WL 5406880, at *2 (M.D.N.C. Oct. 21, 2014) (citing A/S J. Ludwig Mowinckles Rederi v. Tidewater Constr. Co., 559 F.2d 928, 933 (4th Cir. 1977)).

Here, there is no dispute that Fenix I and Fenix II "involve a common question of law or fact." Fed. R. Civ. P. 42(a). The factual allegations underlying the claims are identical, as are the individuals allegedly behind those actions – *i.e.*, Li and Darden. Rather, it is the question of what individual or entity should be considered the Sales Business, and thus the proper Defendant to these claims, that has given rise to the essentially duplicative actions. That is, the Complaint alleges that, prior to these underlying events, Li was a manager of Tacbeam; that Darden was a principal of Tacbeam; and that, at all times relevant to the allegations in the

3

Complaint, the status of Tacbeam was "revoked" based on the records of the Secretary of State of Nevada.  The Complaint further alleges that, after Tacbeam's revocation, the Sales Business referenced in the Complaint was operated by Li individually, by Darden individually, or by Li and Darden as a partnership and, further, that the Sales Business organized a new limited liability company, Powertac, LLC.  (Compl. [Doc. #1-1] ¶¶ 10-11.)  According to the Complaint, at all relevant times, the Sales Business operated under various names, including Tacbeam, Powertac, and Olight USA.  (Id. ¶ 13.)

On October 3, 2012, Plaintiff filed Fenix I regarding the same underlying dispute against Li and Darden, individually and as partners, and Powertac, LLC.  However, the Complaint in Fenix II alleges that, after receiving service of process in Fenix I, the principals of the Sales Business (presumably Li and Darden) reinstated Tacbeam with the State of Nevada, and now contend that Tacbeam was the actual party to the transactions that are the subject of Plaintiff's claims, such that Tacbeam should be considered the "Sales Business" as used in the Complaint.  Thus, Plaintiff asserts that it filed its Complaint in Fenix II against Tacbeam "in the alternative."  (Id. ¶ 18.)

Essentially then, through the separate actions, Plaintiff merely seeks to ensure that the correct Defendant is named, and otherwise the actions are identical.  In fact, the same motions are pending in each case. Defendant Tacbeam's pending Motion to Dismiss [Doc. #2] and Plaintiff's Motion to Remand [Doc. #13] in Fenix II, as well as all related filings [Docs. #3, 6, 11, 14, 16, 19, 20], make reference to and incorporate the corresponding Motions and filings

in Fenix I. Moreover, in Fenix I, Defendants even appeared to proceed under the belief that Tacbeam was in fact the proper party and made filings accordingly. For instance, in their Motion to Dismiss, filed before Fenix II was instituted, Defendants in Fenix I stated that "Defedants Jian Li, Borencio Darden, Tacbeam LLC and PowerTac LLC" moved for dismissal, and in a footnote provided: "Tacbeam is misnamed as 'Jian Li and Borencio Darden Partnership, dba Tacbeam, PowerTac, and/or Olight USA' in the Complaint." (Fenix I [Doc. #46] at 1 and n.1.)

In arguing against consolidation, Plaintiff contends that consideration of consolidation is premature because "Plaintiff's Motion to Remand raised a basis for remand in [Fenix II] that does not apply" in Fenix I. [Doc. #12 at 1.] But that specific contention – *i.e.*, that the removal of Fenix II by Tacbeam was untimely – can be adequately addressed in conjunction with the arguments already raised in Fenix I. Moreover, such an approach would be more efficient than separately considering the multiple arguments that are in fact applicable to both matters. Plaintiff also expresses its concern that "consolidation would delay consideration of the pending motions" in Fenix I. However, all of these matters are now pending before the Court, and separate consideration of largely identical matters would be an inefficient use of the resources of the parties and of the Court.

Accordingly, given the essentially identical nature of the two matters, the lack of any demonstrated prejudice of consolidation, and the inefficiency of considering the same arguments twice, Fenix II, 1:15CV140, will be consolidated with Fenix I, 1:12CV1310, for

5

further adjudication. Further, as noted previously, Defendant Tacbeam's Motion to Dismiss [Doc. #2] and Plaintiff's Motion to Remand [Doc. #13] in Fenix II, 1:15CV140, as well as all related briefing, make reference to and incorporate the corresponding filings in Fenix I. Accordingly, rather than separately considering the duplicative Motions filed in Fenix I, the Court will consider the arguments presented therein as raised in the corresponding Motions in Fenix II. Thus, Plaintiff's Motion to Remand [Doc. #44] and Defendants' Motion to Dismiss [Doc. #46] in Fenix Flashlights, LLC v. Li, et al., 1:12CV1310, may be terminated by the Clerk's Office as duplicative of Plaintiff's Motion to Remand [Doc. #13] and Defendants' Motion to Dismiss [Doc. #2] in Fenix Flashlights, LLC v. Tacbeam, LLC, 1:15CV140, which the Court will address by separate Recommendation.

III. CONCLUSION

IT IS THEREFORE ORDERED Defendant Tacbeam LLC's Motion to Consolidate Cases in Fenix Flashlights, LLC v. Tacbeam, LLC, 1:15CV140 [Doc. #4], is GRANTED and Fenix Flashlights, LLC v. Tacbeam, LLC, 1:15CV140, is consolidated with Fenix Flashlights, LLC v. Li, et al., 1:12CV1310. The Court will consider the pending Motion to Dismiss [Doc. #2] and Motion to Remand [Doc. #13] by separate Recommendation.

This, the 30th day of September, 2015.

 /s/ Joi Elizabeth Peake
United States Magistrate Judge